IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,                  No. 2:11-cv-02472 KJN

      v.

NAGEB ABDO ALGAZALI, doing business as SHEBA LIQUORS; JOANNE R. SANCHEZ,

        Defendants.               <u>ORDER</u>

_____/

        This case was filed on September 16, 2011.  (Dkt. No. 1.)[1]  On December 6, 2011, United States District Judge Garland E. Burrell, Jr., issued an order reassigning this case to the undersigned for all purposes, including trial.  (Dkt. No. 9 (citing E. Dist. Local Rule 305).)  No Status (Pretrial Scheduling) Conference has yet occurred in this action, and no Scheduling Order is yet in place.

////

////

---

[1] This matter proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of the undersigned for all proceedings in this case, including trial and entry of final judgment, and an order entered December 6, 2011 (Dkt. No. 9). <u>See</u> 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rules 301, 305.

1

Pursuant to Federal Rule of Civil Procedure 16 and Eastern District Local Rule 240, IT IS HEREBY ORDERED that:

1. A Status (Pretrial Scheduling) Conference is set for *February 9, 2012, at 10:00 a.m. in Courtroom No. 25* before the undersigned. All parties shall appear by counsel or in person if acting without counsel.

2. Not later than seven days prior to the Status Conference, the parties shall file status reports[2] briefly describing the case and addressing the following:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

    g. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    h. Special procedures, if any;

    i. Estimated trial time;

    j. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings.

    k. Whether the case is related to any other cases, including bankruptcy;

    l. Whether a settlement conference should be scheduled;

    m. If they have not already so stipulated, whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification

---

[2] The parties are encouraged to file a joint status report.

2

by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

        n. Any other matters that may add to the just and expeditious disposition of this matter.

        3. *Failing to obey federal or local rules, or order of this court, may result in dismissal of this action.* This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

        4. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. See E.D. Local Rule 160.

        5. In addition, the parties are cautioned that pursuant to Local Rule 230(c), a written opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.

DATED: December 12, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE