1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SCOTT N. JOHNSON,                          No.  2:11-cv-02472 KJN

12                    Plaintiff,

13          v.                                    ORDER

14    NAGEB ABDO ALGAZALI, doing
      business as SHEBA LIQUORS, et al.,
15
                      Defendants.
16

17

18          On May 22, 2013, the parties informed the court that they had settled this case.[1]  (ECF No.

19    31.)  Thereafter, the undersigned ordered all dispositional documents to be filed by July 5, 2013.

20    (ECF No. 32.)

21          On July 3, 2013, however, plaintiff's counsel filed a request for an extension to file

22    dispositional documents on or before August 2, 2013, "due to the fact that Plaintiff and

23    Defendants are still in the process of finalizing a settlement agreement."  (ECF No. 33.)

24    ////

25    ////

26    _____
      [1]    This matter proceeds before the undersigned as a result of the parties' voluntary consent to the
27    jurisdiction of the undersigned for all proceedings in this case, including trial and entry of final
      judgment, and an order entered December 6, 2011 (ECF No. 9).  See 28 U.S.C. § 636(c)(1); Fed.
28    R. Civ. P. 73; E.D. Cal. L.R. 301, 305.

                                                    1

1    Based upon counsel's representation (id.) and the fact that no similar request for an

2  extension has previously been filed with respect to the parties' dispositional documents, the

3  undersigned ordered the parties to file dispositional documents no later than August 2, 2013.

4  (ECF No. 43.)

5    However, the deadline of August 2, 2013, has now passed.  The parties have not filed their

6  dispositional documents.  The parties have not requested an extension of time to do so.

7    Accordingly, IT IS HEREBY ORDERED THAT:

8    Within fourteen (14) days of issuance of this order, the late dispositional documents shall

9  be filed, and *all counsel* shall show cause in writing why monetary sanctions should not be

10  imposed for the delay.  ***Failure to timely comply with this order will result in sanctions.***  See

11  Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; see also Thompson v. Housing Auth. of City of L.A.,

12  782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

13  control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829

14  (1986).

15    IT IS SO ORDERED.

16    Dated:  August 16, 2013

17

18    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28